IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Hipps, | ) |
| *Plaintiff,* | ) ) ) |
| -vs- | ) No. 21-cv- ) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff Robert Hipps, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132. The jurisdiction of this Court is conferred by 42 U.S.C. §12133.

2. Plaintiff Robert Hipps was processed into the Cook County Department of Corrections (CCDOC) on October 27, 2019 and assigned booking number 2019-1027024.

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for prisoners remanded to his custody.

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County. Defendant Cook County is also a necessary

party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Plaintiff suffers from sleep apnea. This condition substantially limits plaintiff's ability to engage in the program or activity of sleeping. About two years before entering the Jail plaintiff started using a C-PAP machine at all times when sleeping.

6. With the use of a C-PAP machine, the plaintiff is able to participate in the program or activity of sleeping similar to a non-disabled person.

7. Since 2014, the defendants have been on notice of a need to take steps to accommodate detainees who use C-PAP machines. In 2014, for example, the defendants were told by the Justice Department to retrofit certain rooms with electrical outlets for C-PAP users. The defendants, however, have failed to take reasonable steps accommodate C-PAP users.

8. While detained at Cook County Jail, the defendants have substantially restricted plaintiff's access to the C-PAP machine. For example, the defendants do not allow plaintiff to use his C-PAP machine from about 8:00 am until 9:00 pm.  Similarly situated non-disabled detainees are permitted to engage in the program or activity of sleeping during this period.

9. In addition, from March 2020 to approximately March 26, 2021, the defendants did not allow plaintiff to use a C-PAP to engage in the program or activity of sleeping.

10. When plaintiff attempts to sleep without a C-PAP machine he experiences headaches, gasps for air, and constantly feels tired.

11. Plaintiff has requested, in writing, for defendants to provide a C-PAP machine when he engages in the program or activity of sleeping. The defendants, however, refuse to accommodate plaintiff.

12. Defendants have been and continue to be deliberately indifferent to plaintiff's rights under the ADA.

13. Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that the Court fashion appropriate injunctive relief, grant appropriate compensatory damages and that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*Attorneys for Plaintiff*